# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 6, 2023

Lyle W. Cayce
Clerk

———————

No. 23-10242

———————

Thelma Zinnah,

*Plaintiff—Appellant*,

*versus*

Lubbock State Supported Living Center, operated by Texas Health and Human Services,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:22-CV-35

———————————————————————

Before Wiener, Willett, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Thelma Zinnah was fired from her position as "assistant home team leader" at the Lubbock State Supported Living Center because she allegedly sprayed water on a resident. Zinnah, in turn, sued the Center under Title VII, arguing that she was fired because she was black. In her complaint, Zinnah makes various vague and conclusory allegations, all tied thematically to the Center's purported discriminatory treatment of its black employees:

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-10242

- "Plaintiff would show the Court that Defendant has a long history of engaging in a pattern and practice whereby black employees are treated differently by Defendant than non-black employees, particular [*sic*], regarding the manner in which the discipline and termination of employees is handled."

- "Plaintiff believes the evidence in this case will show that during the course of Plaintiff's employment, black employees have been fired at a significantly higher percentage than non-black employees and that black employees were routinely disciplined in a harsher manner than non-black employees for the same or similar types of incidents."

- "Plaintiff further believes the evidence will show numerous situations where black employees were involved in a specific incident that also involved non-black employees. In those incidents, black employees receive harsher discipline than the non-black employees."

- "Plaintiff believes the evidence will show that such disparate treatment happened with sufficient regularity so as to create a culture wherein it was normalized to treat black employees differently than non-black employees."

- "Plaintiff claims that as a result of the systemic racism continuing at Defendant's living center, her race was a motivating factor in the decision to fire her."

- "That Plaintiff's race was a factor in the decision to fire her is seen by both the pattern and practice of Defendant treating black employees differently than non-black employees in regard to disciplinary matters."

- "Plaintiff intends to show the Court that non-black employees are not disciplined or terminated for conduct that is substantially similar to conduct alleged against black employees."

- "Plaintiff will show that non-black employees who have been confirmed for abuse in cases that do not involve an actual injury or physical harm to a resident, have not been fired with the regularity of black employees such as Plaintiff."

- "The Defendant has violated the [Civil Rights Act] by discriminating against Plaintiff on the basis of her race and for the disparate treatment by Defendant of Plaintiff and other black employees which has been ongoing for years."

- "By firing Plaintiff, Defendant treated Plaintiff differently than non-black employees under substantially similar circumstances (ie.confirmation [*sic*] of alleged abuse that did not involve injury to a resident)."

- "Moreover, Defendant has violated the [Civil Rights Act] by engaging in the disparate treatment of black employees as compared to non-black employees in matters involving discipline."

- "In particular, the facially neutral basis for termination used against Plaintiff, that is, that she was confirmed for abuse, is not applied equally to black employees like Plaintiff when compared to non-black employees."

- "The unlawful conduct of Defendant, as described above, has caused and will continue to cause Plaintiff harm."

The Texas Health and Human Services Commission, acting on behalf of the Center, moved to dismiss Zinnah's complaint, arguing that all of her

allegations are conclusory. The district court agreed, granted the motion, dismissed Zinnah's complaint without prejudice, and *sua sponte* granted her leave to amend.

Rather than take the opportunity to amend her complaint, Zinnah appealed, contending that her complaint contained enough specificity to survive a motion to dismiss. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In addition to simply block-quoting the district court's order and the allegations in her complaint (twice), Zinnah now argues on appeal that she need not provide "specific names of similarly situated non-black employees" because "the motion to dismiss was filed prior to any discovery taking place."

We agree with the district court that all the allegations in Zinnah's complaint, recited at length above, are nothing but bare legal conclusions that are insufficient to state a claim of employment discrimination. *See, e.g.*, *Olivarez v. T-Mobile USA, Inc.*, 997 F.3d 595, 599–600 (5th Cir. 2021). Zinnah need not necessarily provide names of other similarly situated non-black employees who received less harsh treatment for incidents like "spraying water on residents," but federal pleading rules require something more than the-defendant-harmed-me allegations. They require, in short, "factual content," *Ashcroft*, 556 U.S. at 678, and Zinnah cannot simply rely on vague assertions with the unsubstantiated hope that discovery will later vindicate them, *cf. Sec. & Exch. Comm'n v. Spence & Green Chem. Co.*, 612 F.2d 896, 901 (5th Cir. 1980).

AFFIRMED.